UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOE W. BROWN, JR.                                          CIVIL ACTION

VERSUS                                                     NO. 15-384-BAJ-RLB

GLOBE LIFE AND ACCIDENT
INSURANCE COMPANY

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 29, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOE W. BROWN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-384-BAJ-RLB** |
| **GLOBE LIFE AND ACCIDENT INSURANCE COMPANY** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand. (R. Doc. 4). The motion is opposed. (R. Doc. 7). After careful review of the pleadings, arguments of the parties, and applicable law, it is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand should be **DENIED**.

**I.     Background**

Joe W. Brown, Jr. ("Plaintiff" or "Mr. Brown") initiated this life insurance coverage dispute against Globe Life and Accident Insurance Company ("Defendant" or "Globe Life") on May 8, 2015 in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (R. Doc. 1-1, "Petition"). Plaintiff alleges that Globe Life is indebted to him "for life insurance benefits in the total amount of $53,500, in addition to other related damages and expenses, as a beneficiary resulting from the death of Mr. Brown's wife, Lisa Brown, together with penalties and attorneys' fees." (Petition, ¶ 4). Plaintiff alleges that the East Baton Rouge Parish coroner concluded that his wife's cause of death was "multi-drug toxicity" and by "accident." (Petition, ¶ 5). Globe Life denied payment on the basis of the relevant policy's non-coverage for death caused by: "(1) Disease, sickness, bodily or mental infirmity, or medical or surgical treatment of same;" and "(3)

1

Being under the influence of any narcotic drug, narcotic, poison or gas unless taken on the advice of a physician." (Petition, ¶ 9).

Plaintiff alleges that the denial of coverage and adjustment of the claims was done "arbitrarily and capriciously" in violation of La. R.S. §§ 22:1973, 22:1892, and 22:1811, entitling him to recovery of bad faith damages, penalties, and attorney's fees. (Petition, ¶¶ 12-13).[1]

Plaintiff specifically alleges that Globe Life "misrepresented the pertinent policy language upon which it based its denials" in violation of La. R.S. § 22:1973(B)(1). (Petition, ¶14). Plaintiff, therefore, seeks "to recover penalties in an amount not to exceed two times the damages sustained as a result of the misrepresentation or $5,000, whichever is greater" pursuant to La. R.S. § 22:1973(C). (Petition, ¶ 14). Furthermore, Plaintiff specifically alleges that he is entitled to recover penalties pursuant to La. R.S. § 22:1811 because Globe Life failed to settle his death claim within sixty days of its receipt of the proof of death without just cause. (Petition, ¶ 15). Plaintiff also seeks recovery of attorney's fees and damages for "[e]xtreme mental anguish, including inconvenience and aggravation." (Petition, ¶ 19).[2]

On June 12, 2015, Globe Life removed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Globe Life alleges that there is complete diversity as Plaintiff is a citizen of Louisiana and Globe Life is a citizen of Nebraska and Oklahoma. (R. Doc. 1 at 2). Globe Life further alleges that based on the allegations in the Petition, the amount in controversy requirement is satisfied. (R. Doc. 1 at 3).

---

[1] The Petition further seeks recovery under La. R.S. § 22:1982 (repealed – examination of self-insured workers' compensation insurance program) and La. R.S. § 22:1893 (claims involving immovable property). (Petition, ¶¶ 12-13). Other than including these specific code provisions in his allegations, Plaintiff makes no particular reference or assertion as to how these apply to his cause of action.
[2] Plaintiff also alleges that he is seeking recovery pursuant to the tort theories of intentional infliction of emotional distress and negligent infliction of emotional distress. (Petition, ¶ 16).

2

On July 9, 2015, Plaintiff filed the instant Motion to Remand arguing that the amount in controversy requirement is not satisfied, and the court cannot exercise diversity jurisdiction. (R. Doc. 4). In support of his motion, Plaintiff submitted a unilateral post-removal stipulation providing, among other things, that "[n]either plaintiff nor his attorney will accept or seek to recover any portion of a judgment or award in excess of $75,000, exclusive of interests and costs," related to this action. (R. Doc. 4-2).

## II.     Arguments of the Parties

In support of remand, Plaintiff argues that Globe Life failed to meet its burden in establishing this Court's jurisdiction in that the amount in controversy does not exceed $75,000. Plaintiff argues that Globe Life has previously asserted limitations on liability to the life insurance policy's "face amount" of $53,500. (R. Doc. 4-1 at 3). Plaintiff argues that since the amount in controversy is not facially apparent, the post-removal stipulation (R. Doc. 4-2) should be allowed to clarify the amount. (R. Doc. 4-1 at 4). Plaintiff argues that since the sworn stipulation is binding and enforceable, it clearly establishes the amount in controversy is below $75,000. (R. Doc. 4-1 at 4). Plaintiff argues that Globe Life failed to meet its burden establishing jurisdiction by submitting supporting summary-judgment type evidence and, instead, provides nothing more than "mere speculation" as to the amount in controversy. (R. Doc. 4-1 at 5-6).

In opposition, Globe Life argues that the amount of damages sought by Plaintiff clearly exceeds $75,000. Globe Life provides a chart detailing that, based on Plaintiff's claims (including the $53,500 sought directly under the policy, up to $107,500 for penalties pursuant to La. R.S. § 22:1973 (as calculated by Globe Life); and $4,350 in penalties pursuant to La. R.S. § 22:1811 (as calculated by Globe Life)), the amount in controversy is facially apparent from the

3

Petition. (R. Doc. 7 at 1-2). Globe Life argues that since Plaintiff's own Petition establishes the amount in controversy, it is not required to submit any summary judgment-type evidence to prove the jurisdictional minimum. (R. Doc. 7 at 3-4). Globe Life argues that Plaintiff's prayer for bad faith penalties and attorneys' fees pursuant to La. R.S. §§ 22:1973, 22:1892, and 22:1811 make it clear that the jurisdictional minimum is satisfied. (R. Doc. 7 at 5-6). Globe Life further argues that a conservative estimate for "mental anguish" damages relating to bad faith would range between $25,000 and $125,000. (R. Doc. 7 at 9). Finally, Globe Life argues that since it is clear from the face of Plaintiff's Petition that the amount in controversy is satisfied, Plaintiff's post-removal stipulation cannot be considered. (R. Doc. 7 at 8-9).

### III.    Law and Analysis

#### A.    Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

4

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions. La. Code Civ. P. art. 893(A)(1). This prohibition on alleging a specific amount of damages, however, "is not applicable to a suit on a conventional obligation, promissory note, open account, or other negotiable instrument . . ." La. Code Civ. P. art. 893(B).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

### B.     The Amount in Controversy is Facially Apparent

Plaintiffs' failure to include any allegations regarding the amount in controversy to support federal jurisdiction, as required by Louisiana Civil Code of Procedure article 893(A)(1), is not dispositive. *See Weber v. Stevenson*, No. 07-595, 2007 WL 4441261 (M.D. La. Dec. 14,

5

2007). Similarly, that Plaintiffs did not submit a pre-removal stipulation that the amount in controversy requirement is not satisfied is insufficient, without more, to support a finding that the amount in controversy is facially apparent. *See Lowe v. State Farm Fire & Cas. Co.*, No. 07-7454, 2008 WL 906311 (E.D. La. Apr. 2, 2008) ("Plaintiffs' failure to [submit a pre-removal binding stipulation] does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied.").

There is no dispute that Plaintiff seeks to recover at least $53,500 based on the Policy's limits and the assertion that Globe Life has not made any payments on Plaintiff's claim. It is the value of the claim for coverage under the insurance policy that determines the amount in controversy, unless the value of the claim exceeds the value of the policy. *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *see also Lewis v. Lexington Ins. Co.*, No. 07-8295, 2008 WL 4862034, at *2 (E.D. La. Nov. 6, 2008). Plaintiff unequivocally alleges in this case that he is seeking the full policy limits of $53,500. Accordingly, the policy limits govern the value of the claim for coverage in this matter.

The court must determine, therefore, whether any applicable penalties or other fees, and the remaining bad faith and emotional distress claims alleged by Plaintiff, are likely to exceed the remaining $21,500 requested to satisfy the amount in controversy requirement.

Plaintiff seeks "interest" pursuant to La. R.S. § 22:1811, which provides that if an insurer on a life insurance policy does not settle a death claim "within sixty days after the date of receipt of due proof of death, and if the insurer fails to do so without just cause, the amount due shall bear interest at the rate of eight percent per annum from date of receipt of due proof of death by the insurer until paid." The Fifth Circuit has held that the directive in La. R.S. § 22:1811 is by nature a penalty and not "interest" for the purposes of the amount in controversy requirement,

and is therefore not excluded from the amount in controversy pursuant to 28 U.S.C. § 1332(a)-(a)(1). *Buras v. Birmingham Fire Ins. Co. of Pa.,* 327 F.2d 238 (5th Cir. 1964). Globe Life calculates the recoverable interest for one year to be at least $4,350. (R. Doc. 7 at 7).

Plaintiff also alleges claims for penalties and attorney's fees pursuant to La. R.S. § 22:1973 (formerly La. R.S. § 22:1220) and La. R.S. § 22:1892 (formerly La. R.S. § 22:658). The court will first determine whether any recoverable attorney's fees can be quantified for purposes of determining the amount in controversy. *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 873-74 (5th Cir. 2002) ("[E]ven though the general rule is that interest and court costs are not includable in calculating the amount in controversy, attorney's fees are includable *when the state statute allowing cost shifting expressly defines the allowable expenses of litigation to include attorney's fees*, especially when the plaintiffs expressly pray for recovery of costs.") (emphasis added).

Plaintiff specifically cites to La. R.S. § 22:1892 in support of a claim for attorney's fees. (Petition, ¶ 13). § 22:1892(A)(1) provides a penalty for "all insurers issuing any type of contract, other than those specified in La. R.S. § 22:1811," *i.e.*, life insurance policies.[3] Neither party has directed the court to any case or statutory provision authorizing the recovery of attorney's fees pursuant to § 22:1892 due to failure to pay a claim under a life insurance policy.[4]

La. R.S. § 22:1973, which is applicable to life insurance policies, does not provide for an award of attorney's fees. *See Calogero v. Safeway Ins. Co.*, 753 So. 2d 170, 174 (La. 2000). Because neither party has identified a state statute providing that Plaintiff is entitled to attorney's

---

[3] La. R.S. § 22:1811 pertains to "[a]ll death claims arising under policies of insurance."
[4] The Defendant notably does not concede that § 22:1892 applies. Instead, the Defendant simply points out that "Plaintiff claims that he is entitled to attorney's fees" under that provision and later argues that "even if Plaintiff is not able to recover attorney's fees under 22:1892" the court should look to Plaintiff's "additional claim for attorney's fees that is unrelated to his claim for attorney's fees under section 22:1892." (R. Doc. 7 at 6).

7

fees in this action, the court will not include a calculation of attorney's fees in determining whether it is facially apparent that the amount in controversy requirement is satisfied.

The court will now turn to whether Plaintiff can recover bad faith penalties pursuant to La. R.S. § 22:1973. Louisiana Revised Statute § 22:1973(C) provides that "[i]n addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. Rev. Stat. 22:1973(C). The Louisiana Supreme Court has held that the "damages sustained" referenced in La. Rev. Stat. 22:1973(C) are not contractual damages, but the separate damages incurred for an insurer's breach of its duty of good faith and fair dealing imposed by La. Rev. Stat. 22:1973. *Durio v. Horace Mann Ins. Co.*, 74 So.3d 1159, 1170-71(La. 2011); *see Washington v. Liberty Mut. Fire Ins. Co.*, 12-746, 2012 WL 3096046, at *2 (W.D. La. July 30, 2012) ("The penalty allowed under La. R.S. 22:1973 is based not on the contractual amount owed.") (citing *Durio*, 74 So.3d at 1170-71). Accordingly, the court may not simply double the $53,000 in contractual damages sought to find that the amount in controversy is satisfied.[5] Instead, the court must calculate potential damages pursuant to La. R.S. § 22:1973 based upon the alleged "damages sustained" as a result of Globe Life's alleged breach of the duty of good faith.

Damages for mental anguish may be awarded under La. R.S. § 22:1973 for breaches of the duty of good faith. *Dickerson v. Lexington Ins. Co.*, 556 F. 3d 290, 304 (5th Cir. 2000)).

---

[5] Globe Life asserts that Plaintiff seeks to recover up to $107,000 in penalties on his La. R.S. § 22:1973 claim, *i.e.*, twice the $53,000 he was denied allegedly based on Globe Life's alleged misrepresentations. (R. Doc. 7 at 6). Globe Life relies primarily on *Allen v. Empire Indem. Ins. Co.*, No. 09-810, 2010 WL 60239 (M.D. La. Jan. 7, 2010), in which the court stated that where the plaintiff alleged she was owed $43,216.85 under insurance policy, the court upheld removal on the premise that "(plaintiff) could receive up to $86,433.70 in penalties pursuant to La. R.S. § [22:1973] alone, without even considering the damages allegedly owed to her under her policy of insurance." *Id*. at *2. That decision was made before the clear pronouncement by the Louisiana Supreme Court in *Durio* that the La. R.S. § 22:1973 penalty must be linked to a violation of the duty of good faith and fair dealing.

8

Significant mental anguish damages have been awarded under La. R.S. § 22:1973 where insurers failed to pay on homeowner's policies. *See*, *e.g.*, *Dickerson*, 556 F. 3d 290, 304-06 (affirming award of $25,000 for mental anguish); *Orellana v. Louisiana Citizens Prop. Ins. Co.*, 972 So. 2d 1252 (La. App. 4th Cir. 2007) (affirming award of $125,000 for "mental anguish, stress, and inconvenience"). Similarly, in denying a motion to remand, this court has estimated a general damages award for mental anguish and inconvenience relating to bad faith denial of an automobile insurance claim on a stolen car worth $30,000 to be at least $7,000, and the corresponding statutory penalty to be $14,000. *See Powell v. Essentia Ins. Co.*, No. 13-369, 2013 WL 5839329, at *1 (M.D. La. Oct. 30, 2013).

Here, Plaintiff specifically alleges that Globe Life denied coverage "without cause" and did so "arbitrarily and capriciously" in violation of La. R.S. § 22:1973. (Petition, ¶ 12). More specifically, Plaintiff alleges that Globe Life "misrepresented the pertinent policy language upon which it based its denials" in violation of La. R.S. § 22:1973(B)(1). (Petition, ¶14). Plaintiff further asserts a claim for damages relating to "extreme mental anguish, including inconvenience and aggravation." (Petition, ¶19). Based on the *Dickerson*, *Orellana*, and *Powell* decisions (which all concerned property loss), the court finds Plaintiff's alleged mental anguish, inconvenience, and aggravation resulting from the alleged bad faith denial of a life insurance claim to have significant value for the purpose of calculating the amount in controversy requirement.

Based on the foregoing, it is facially apparent that the amount in controversy requirement is satisfied given that Plaintiff is seeking recovery of the face value of the life insurance policy, as well as associated penalties for bad faith. Plaintiff seeks to recover $53,500 in contract damages. Plaintiff's additional allegations and requests for recovery pursuant to La. R.S. §

9

22:1811 and La. R.S. § 22:1973 likely meet or exceed the remaining amount required reach the jurisdictional minimum.

### C. Plaintiff's Post-Removal Stipulation

The Fifth Circuit has endorsed a narrow situation in which a unilateral post-removal stipulation can clarify that the amount in controversy is not satisfied where the following three elements have been met: "(1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above $[75],000; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present." *Marcel v. Pool Company*, 5 F.3d 81, 85 (5th Cir. 1993) (quoting *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993); *see also McGlynn v. Huston*, 693 F. Supp. 2d 585, 596 (M.D. La. 2010) (considering post-removal affidavit regarding the amount in controversy where defendant "failed to carry his burden of proof upon removal and the amount in controversy remains ambiguous"); *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 597 (E.D. La. 2008) ("When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit [a post-removal] affidavit to clarify the amount of damages sought.").

The narrow grounds announced in the *ANPAC* decision are not applicable here, as it is facially apparent from the Petition that the amount in controversy requirement was satisfied at the time of removal. In other words, there is no ambiguity regarding the amount in controversy requirement for which a post-removal stipulation might be considered for the purpose of clarifying that ambiguity.

IV.     Conclusion

There is complete diversity between the parties and it is facially apparent from the Petition that the amount in controversy requirement was satisfied at the time of removal. Accordingly, the court has subject matter jurisdiction over this action pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. Plaintiff's post-removal stipulation that the amount in controversy requirement is not satisfied does not divest this court of jurisdiction.

## **RECOMMENDATION**

**IT IS THE RECOMMENDATION** of the magistrate judge that Plaintiffs' Motion to Remand (R. Doc. 4) be **DENIED**.

Signed in Baton Rouge, Louisiana, on September 29, 2015.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**